## 11276

### WHITE v. SOUTHERN RY. CO. *ET AL.*

#### (118 S. E., 531)

APPEAL AND ERROR—TRIAL COURT'S ACTION IN REFUSING NONSUIT AND DIRECTED VERDICT NOT DISTRIBUTED.—In an action against a railroad company for personal injuries, the action of the trial judge in refusing a nonsuit and in refusing to direct a verdict for defendant not disturbed.

Before Sease, J., Greenville, September, 1922. Affirmed.

Action by James E. White against Southern Railway Co. *et al.* Judgment for plaintiff and defendants appeal.

*Messrs. Bonham & Price,* for appellants, cite: *Verdict for actual damages eliminates wilfulness:* 106 S. C., 123; 114 S. E., 502. *Negative testimony:* 120 S. C., 473. *No duty to slacken speed at crossings in absence of special circumstances:* 7 S. C., 402. *Contributory negligence of plaintiff will defeat action:* 33 S. C., 139; 34 S. C., 451; 109 S. C., 78. *Signal Statute:* 119 S. C., 438. *Choice of dangerous*

*where there was a safe way:* 89 S. C., 505; 83 S. E., 347; 76 Atl., 212; 120 S. W., 263. *Gross negligence:* 94 S. C., 145; 114 S. E., 500. *Conditions surrounding plaintiff not sufficient to excuse him:* 70 N. E., 526; 75 N. E., 965; 102 S. E., 218; 188 Pac., 419; 43 Atl., 527; 68 N. E., 816; 55 So., 218. *Greater the danger the greater the care:* 63 S. C., 271; 8 Fed., 729; 2 N. E., 138; 8 L. R. A., 593; 25 N. E., 863; 17 Pac., 804; 11 N. W., 216; 12 So., 338.

*Messrs. Bowen & Bryson* and *J. Robert Martin,* for respondent, cite: *Violation of rule of company is negligence:* 106 S. C., 129. *Question of signals for the jury:* 144 U. S., 408; 65 S. C., 218; 114 S. E., 502; 87 S. C., 328; 92 S. C., 302; 25 S. C., 61; 24 L. Ed., 403; 10 Rich., 227. *Crossing accidents:* 102 S. C., 472; 90 S. C., 264; 63 S. C., 516; 59 S. C., 429; 102 S. C., 173; 94 S. C., 61; 92 S. C., 299; 90 S. C., 338; 92 S. C., 169; 24 L. Ed., 405. *Duty to lookout:* 95 S. C., 314; 104 S. C., 110; 106 S. C., 132; 97 S. C., 68; 70 S. C., 188; 90 S. C., 264; 61 S. C., 560; 68 S. C., 488; 91 S. C., 507; 101 S. C., 409; 101 S. C., 85. *Contributory negligence no defense to recklessness:* 114 S. E., 502; 106 S. C., 131; 93 S. C., 25; 99 S. C., 284. *Where verdict is for actual damages reckless acts may be considered:* 101 S. C., 398; 93 S. C., 341; 96 S. C., 456; 103 S. C., 327. *Statutory signals applicable:* 75 S. C., 73; 87 S. C., 329; 99 S. C., 296; 65 S. C., 216; 63 S. C., 390; 114 S. E., 500; 114 S. E., 641; 115 S. C., 115; 121 S. C., 218; 112 S. E., 439; 101 S. C., 409.

July 20, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following preliminary statement appears in the record:

"This case was commenced by the service of summons and complaint, on May 14, 1921. The plaintiff was a young soldier in the Thirtieth Division stationed at Camp Sevier,.

near Greenville, S. C.  On the 21st day of November, 1917, he was put on guard duty at one of the railroad crossings within the boundaries of the camp, his post as sentinel being the public road from General's Headquarters to the National Highway, a distance of 100 to 150 yards passing over the double tracks and a side track 25 to 30 yards to the east of them.  The Southern Railway, from Washington to Atlanta, operates a double-track railway system and this double track ran through Camp Sevier.  On one track only trains going north were allowed to run, while on the other track nothing but southbound trains were operated. The plaintiff was guarding one of the crossings, his duty being to prevent workmen of the camp and soldiers from coming on the track when there was danger from approaching trains.  While on duty a little after 7 o'clock on the morning of November 21st, the plaintiff contending that it was very foggy, with the smoke of the freight train obscuring the vision, a south-bound freight train and a north-bound passenger train were approaching said crossing about the same time.  The plaintiff's contention being that the freight train was traveling slowly and in sight before the passenger train approached, and the plaintiff was engaged in warning off a large body of men from going on the crossing in front of freight train after it had emerged from the cut onto the crossing, which contentions are contradicted by the defense.  The plaintiff, who claims he suffered a lapse of memory as to what happened a minute before he was struck, backed across the northbound track and while standing within a foot or two from the outside rail was struck a tremendous blow by some part of the passenger engine.  He was badly injured and brought suit against the railway company for $50,000 damages.  The case was first tried in September, 1921, before Judge Memminger, and a verdict of $1,000 was awarded to the plaintiff.  Judge Memminger set this verdict aside on the ground of inadequacy, and ordered a new trial.  The case again came on for trial be-

fore Judge Sease, September 19, 1922. On September 21st, the jury returned a verdict of $2,000 actual damages for the plaintiff. The appeal is from this verdict and judgment."

"After deliberating several hours, the jury rendered a verdict in favor of the plaintiff for $2,000 actual damages. Notice of intention to appeal was served in due time, and the defendants now appeal to this Court upon the following grounds:

"I. That his Honor erred in refusing to grant a nonsuit upon the first ground submitted by the defendants, to wit:

" 'That there is no evidence of negligence on the part of the defendant company such as to be the proximate cause of this injury.'

"Specification of error: The evidence clearly showed that the plaintiff was in full possession of all his faculties, and that the train which struck him could be observed for a distance of at least 200 yards; that practically all of the witnesses saw this approaching train and there was no positive testimony that the statutory signals were not given. The only reasonable inference to be drawn from the testimony was that the proximate cause of the plaintiff's injury was his own negligence and reckless failure to exercise due care in the performance of his duty.

"II. That his Honor erred in overruling the defendant's second ground for nonsuit, as follows:

" 'That the only reasonable inference to be drawn from the testimony is that the plaintiff was guilty of contributory negligence, which negligence was a proximate cause for his injury.'

"Specification of error: The evidence was susceptible of but one inference, and that is that the plaintiff was guilty of contributory negligence, which contributory negligence was a proximate cause of his injury, in that the plaintiff was not at the crossing as a member of the traveling public, but was there as a military guard knowing that trains approached on the double-track system from both direc-

tions, and the evidence shows conclusively that although he knew that trains were liable to approach at any time from either direction, he, utterly and absolutely failed to give the slightest attention to the northbound track, and absolutely failed to look in the direction from which the passenger train was approaching, as it was his sworn duty to do as a military guard. That as he was not at the crossing for the purpose, of using the same, but was there as a guard under the sworn military duty of watching in all directions for approaching danger, the statutory signals were not intended for his benefit, and that as the only inference to be drawn from the testimony was that he, was guilty of contributory negligence, which contributed to his injury, it was not necessary to go further and prove that he was guilty of gross or willful negligence, and the nonsuit should have, been sustained upon this ground.

"III. That his Honor erred in overruling defendant's third ground for nonsuit, as follows:

" 'That the alleged negligence of the defendant was not the proximate cause of the injury.'

"Specifications of error: From the testimony submitted by the plaintiff, it appears that all other persons at or near the crossing saw the approaching passenger train by exercising slight care, to wit, looking up the northbound main line, and all got across safely, but that the plaintiff who was there charged with the strict duty of protecting and guarding pedestrians and travelers from trains coming from both directions, failed to exercise the slightest care, and was struck solely by reason of his own utter and reckless failure, to do his duty, and that this was the sole and proximate cause of his injury.

"IV. That his Honor erred in overruling defendant's fourth ground for nonsuit, as follows:

" 'That the only reasonable inference to be drawn from the evidence is that the plaintiff was guilty of gross negligence, which contributed as a proximate cause to his injury.'

"Specification of error: Failure to exercise slight care is gross negligence. The evidence is susceptible of but one inference, that is, that the plaintiff failed to exercise any care whatsoever for his own safety. The plaintiff testified himself that he knew that a train was a dangerous thing; that he knew this line was a double-track system, and that trains came from both directions along this double track; that he did not remember looking in the direction of the passenger train at all, and the positive testimony of all witnesses was that a glance in a southerly direction would have revealed the approach of the other train. That his conduct under the circumstances amounted to gross or willful negligence was established by the overwhelming weight of the evidence, and susceptible of no other reasonable inference.

"V. That his Honor erred in overruling defendant's sixth ground for nonsuit, as follows:

" 'The statute with reference to signals does not apply to this case.'

"Specification of error: The undisputed evidence showed that the plaintiff was at the crossing for the purpose of guarding the same, with instructions from his superior officers to watch in all directions for danger and keep on a constant lookout; that he was there for the express purpose of watching for trains; that the object of the signaling statutes is to call the attention of the traveling public to the approach of trains and to cause their minds to advert to the presence of danger; that the plaintiff was not using the crossing as a pedestrian or traveler, and therefore the signaling statutes had no application, leaving the case one entirely under the common-law allegations of negligence, and that aside from the slight testimony of failure to give signals, there was no other evidence of willful or reckless conduct to go to the jury, and as the jury found only actual damages, the case rested entirely upon a ques-

tion of common-law negligence, as to which contributory negligence was a complete defense.

"VI. That his Honor erred in overruling defendant's motion for the directed verdict upon the first ground submitted, to wit:

" 'That there is no evidence of negligence on the part of the defendant company such as to be the proximate cause of this injury.'

"Specification of error:   The evidence clearly showed that the plaintiff was in full possession of all his faculties, and that the train which struck him could be observed for a distance of at least 200 yards; that practically all of the witnesses saw this approaching train, and there was no positive testimony that the statutory signals were not given. The only reasonable inference to be drawn from the testimony was that the proximate cause of the plaintiff's injury was his own negligence and reckless failure to exercise due care in the performance of his duty.

"VII. That his Honor erred in overruling the defendant's second ground for directed verdict, as follows:

" 'That the only reasonable inference to be drawn from the testimony is that the plaintiff was guilty of contributory negligence, which negligence was a proximate cause of this injury.'

"Specification of error: The evidence was susceptible of but one inference, and that is that the plaintiff was guilty of contributory negligence, which contributory negligence was a proximate cause of his injury, in that, the plaintiff was not at the crossing as a member of the traveling public, but was there as a military guard knowing that trains approached on the double-track system from both directions, and the evidence shows conclusively that although he knew that trains were liable to approach at any time from either direction, he utterly and absolutely failed to give the slightest attention to the northbound track, and absolutely failed to look in the direction from which the passenger train was

approaching, as it was his sworn duty to do as a military guard; that as he was not at the crossing for the purpose of using the same, but was there as a guard under the sworn duty of watching in all directions for approaching danger, the statutory signals were not intended for his benefit, and that as the only inference to be drawn from the testimony was that he was guilty of contributory negligence, which contributed to his injury, it was not necessary to go further and prove that he was guilty of gross or willful negligence, and the directed verdict should have been sustained upon this ground.

"VIII. That his Honor erred in overruling defendant's fourth ground for directed verdict, as follows:

" 'That the alleged negligence of the defendant was not the proximate cause of the injury.'

"Specification of error: From the testimony submitted by the plaintiff, it appears that all other persons at or near the crossing saw the approaching passenger train by exercising slight care, to wit, looking up the northbound main line, and all got across safely, but that the plaintiff, who was there with the strict duty of protecting and guarding pedestrians and travelers from trains coming from both directions, failed to exercise the slightest care, and was struck solely by reason of his own utter and reckless failure to do his duty, and that this was the sole and proximate cause of his injury.

"IX. That his Honor erred in overruling defendant's fourth ground for directed verdict, as follows:

" 'That the only reasonable inference to be drawn from the evidence is that the plaintiff was guilty of gross negligence, which contributed as a proximate cause to his injury.'

"Specification of error: Failure to exercise slight care is gross negligence. The evidence is susceptible of but one inference, that is that the plaintiff failed to exerfcise any care whatsoever for his own safety. The plaintiff testified himself that he knew that a train was a dangerous thing;

that he knew this line was a double-track system, and that trains came from both directions along this double track; that he did not remember looking in the direction of the passenger train at all, and the positive testimony of all witnesses was that a glance in a southerly direction would have revealed the approach of the other train; that his conduct under the circumstances amounted to gross or willful negligence was established by the overwhelming weight of the evidence and susceptible of no other reasonable inference.

"X. That his Honor erred in overruling defendant's sixth ground for directed verdict, as follows:

" 'The statute with reference to signals does not apply to this case.'

"Specification of error: The undisputed evidence showed that the plaintiff was at the crossing for the purpose of guarding the same, with instructions from his superior officers to watch in all directions for danger and keep on a constant lookout; that he was there for the express purpose of watching for trains; that the object of the signaling statutes is to call the attention of the traveling public to the approach of trains and to cause their minds to advert to the presence of danger; that the plaintiff was not using the crossing as a pedestrian or traveler, and therefore the signaling statutes had no application, leaving the case one entirely under the common law, allegations and negligence, and that aside from the slight testimony of failure to give signals, there was no other evidence of willful or reckless conduct to go to the jury, and as the jury found only actual damages, the case rested entirely upon a question of common-law negligence, as to which contributory negligence was a complete defense."

The main question presented by the foregoing exceptions is whether there was error on the part of his Honor, the Circuit Judge, in refusing to grant the motion for a nonsuit or the motion for a directed verdict on the ground that there was no testimony supporting the verdict from which a

19—S. C.—125.

reasonable inference could be drawn that the plaintiff was entitled to damages.

"We deem this an opportune time to call attention to the fact that the jury of 12 men, in a common-law case, for which the Constitution provides, has been regarded from time immemorial as better qualified to pass upon the facts of the case than even the Judge. And the presiding Judge, by reason of the fact that he heard the witnesses testify, and could judge of their credibility, had a better opportunity than the members of this Court to determine the proper inferences to be drawn from the testimony. Furthermore, as the jury and the Circuit Judge have found that there was such testimony, there is a presumption in this Court that the trial in the Circuit Court was free from error. Therefore the plaintiff occupies a more favorable position than he did in the Circuit Court, when the burden of proof rested upon him."

This language was used by the Court *en banc* in the case of *Renno v. Ry. et al.,* 120 S. C., 7; 112 S. E., 439, and is applicable to the present case.

The appellant's attorneys have failed to satisfy this Court that the exceptions are meritorious; the judgment is therefore affirmed.

MR. JUSTICE WATTS concurs.

MESSRS. JUSTICES FRASER and MARION concur in result.

MR. JUSTICE COTHRAN disqualified.

MR. JUSTICE FRASER (concurring). I. I concur with the Chief Justice, but think it well to say the witness Chapman testified, "I did not hear any signals given by the passenger train. I think I was in a position where I could have heard the bell on the passenger train if it had been ringing." Again: "The passenger train was not making any noise and was coming downgrade." Again: "There was no signal given by the passenger train." Whatever the witness may have said inconsistent with this statement, there is positive evidence

that no signals were given and the jury must determine that question.

II. It is true that the plaintiff was not traveling the highway, but he was using the highway as a highway. He was there because it was a highway. He was using the highway because it was a highway. His duty required him to be there because it was a highway crossing and he was entitled to all the protection that the law throws around one using a crossing as such. Independent of the statute, it was for the jury to say what notice of an approaching train, if any, was necessary, and whether they were given or not. Contributory negligence was, of course, a question for the jury.